**No. 59082.**—Freedman & Slater, Inc. *v.* United States, protest 178778–K (New York).

Opinion by WILSON, J. It was stipulated that for duty purposes the clean content of the wool in question was determined in accordance with the instructions contained in T. D. 53159, which was issued following *United States* v. *Fred Whitaker Company, Inc.* (40 C. C. P. A. 19, C. A. D. 492). In that case, it was held that the statutory language, clean content of wool, as used in paragraph 1102 (b), was construed to mean the product commercially usable as wool and from which all the weight of grease and foreign material has been removed, including the wool fibers which are unavoidably and irrevocably lost as a result of commercially applied cleaning processes. Accordingly, the wool in question was held dutiable at the rate applied by the collector on the basis of the percentages of clean content as set forth in the column headed "Clean Content under T. D. 53159" in the schedule attached to and made a part of the decision in this case.

**No. 59083.**—Omnex Corporation *v.* United States, protest 246418–K (New York).

Opinion by WILSON, J. An examination of the papers failing to disclose anything which would tend in any way to overcome the presumption of correctness attaching to the decision of the collector, the protest was overruled.

**No. 59084.**—Gold Seal Shoe Corp. *v.* United States, protest 247173–K (New York).

Opinion by WILSON, J. An examination of the papers failing to disclose anything which would tend in any way to overcome the presumption of correctness attaching to the decision of the collector, the protest was overruled.

BEFORE THE SECOND DIVISION, MAY 19, 1955

**No. 59085.**—Sinclair Refining Company v. United States, protest 903323–G (Galveston).

Opinion by LAWRENCE, J. In accordance with stipulation of counsel that the merchandise consists of seamless steel oil-well casings similar in all material respects to those the subject of *United States* v. *Winkler-Koch Engineering Co.* (41 C. C. P. A. 121, C. A. D. 540), the claim of the plaintiff was sustained.